IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SYMEON J. ROGERS, )
)
               Plaintiff, )
)
v. )   Case No. 17-2727-JWL
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
)
              Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

By his complaint, which invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), plaintiff seeks benefits from his insurer. The matter presently comes before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) (Doc. # 25). The Court **denies** the motion.

Federal diversity jurisdiction may be invoked only when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Defendant argues that the Court lacks diversity jurisdiction because the amount in controversy in the present case does not exceed that jurisdictional threshold. This Court has previously set forth the relevant standard for consideration of such an argument:

> For purposes of determining the amount in controversy, the amount claimed by the plaintiff controls if the claim is apparently made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, (1938); *Adams v. Reliance Std. Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000). When federal subject matter jurisdiction is challenged based on the amount-

> in-controversy requirement, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *See Adams,* 225 F.3d at 1183. The burden is on the party asserting jurisdiction to show it is not legally certain that the claim is less than the jurisdictional amount. *See id.* "There is a strong presumption favoring the amount alleged by the plaintiff." *See Woodmen of the World Life Ins. Soc'y v. Manganaro,* 342 F.3d 1213, 1216 (10th Cir. 2003). Consequently, where the plaintiff has alleged that the amount-in-controversy requirement is satisfied, dismissal is generally warranted only where (1) a contract limits the possible recovery, (2) the law limits the amount recoverable, or (3) the plaintiff commits an obvious abuse of federal court jurisdiction. *See id.* at 1216-17.

*See Alpine Atlantic Asset Mgmt. AG v. Comstock*, 552 F. Supp. 2d 1268, 1273-73 (D. Kan. 2008) (Lungstrum, J.).

In his complaint, plaintiff alleges that he suffered damages in an automobile accident with a negligent driver who was underinsured; that he received $25,000 in benefits from the other driver's insurer; that he is entitled to receive the $100,000 limit for underinsured motorist (UIM) benefits under the policy issued to him by defendant; that he is also entitled to receive certain PIP benefits under the policy; and that he is entitled to recover his attorney fees pursuant to Kansas statute. Plaintiff alleges that his damages exceed $75,000 (and that his future medical costs will exceed $100,000). Those allegations are sufficient to create a presumption under Tenth Circuit law that the Court may exercise its diversity jurisdiction in this case.

Defendant's attempt to overcome that presumption fails on a number of levels. First, defendant argues that plaintiff's recovery under the insurance policy at issue is limited to $75,000, the difference between the $100,000 policy limit for UIM benefits and the $25,000 plaintiff received from the other driver's insurer. Plaintiff has alleged

2

entitlement to the entire $100,000 limit, however, and defendant has not provided the Court with the policy or any other evidence in support of its motion. Thus, the Court has no basis to consider defendant's argument that the policy limit is subject to a credit for the $25,000.

Second, plaintiff has also claimed PIP benefits under the policy, separate from the UIM benefits. Defendant appears to argue that it is entitled to credit for PIP benefits provided to plaintiff, which would reduce the UIM benefits further. Again, however, there is no basis on which the Court may accept this interpretation of the policy. Moreover, contrary to defendant's argument, plaintiff has *not* alleged that he already received PIP benefits from defendant; rather, he plainly alleges that he is entitled to PIP benefits *in addition to* UIM benefits. There is no basis for the Court to rule at this time that plaintiff may not recover separate PIP benefits as a matter of law.

Third, defendant is misguided in arguing that plaintiff's settlement demand of exactly $75,000 is probative. In each of the cases cited by defendant, a plaintiff's settlement demand *in excess* of the jurisdictional amount was probative in rejecting the plaintiff's argument against diversity jurisdiction in a case removed from state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Valdez v. Byers*, 2009 WL 1440090, at *1-2 (D. Colo. May 20, 2009). In this case, the fact that plaintiff was willing to compromise his claim for $75,000 actually provides evidence that his claim exceeds that amount.

Fourth and finally, plaintiff has also sought an award of statutory attorney fees. Defendant argues that litigation costs may not be considered, in light of the jurisdiction statute's language excluding interest and costs. *See* 28 U.S.C. § 1332(a). In the only case

3

cited by defendant, however, the Sixth Circuit did *not* rule that attorney fees may not be considered in determining the amount in controversy. *See Freeland v. Liberty Mutual Fire Ins. Co.*, 632 F.3d 250 (6th Cir. 2011).[1] In addition, this Court applies the law of the Tenth Circuit, and the rule in this circuit (as this Court has previously recognized) is that a claim for statutory attorney fees should be included in determining the amount in controversy for purposes of diversity jurisdiction. *See In re Syngenta AG Mir 162 Corn Litig.*, 2016 WL 5481997, at *5 (D. Kan. Sept. 29, 2016) (Lungstrum, J.) (citing *Woodmen*, 342 F.3d at 1218). Plaintiff seeks an award of statutory attorney fees in this case. Therefore, even if plaintiff's benefits were limited by the policy to $75,000 (an issue on which the Court expresses no opinion), the amount in controversy would nevertheless exceed that amount.

Plaintiff seeks more than $75,000 in damages in this case, and the Court cannot conclude as a matter of law that he cannot recover the requisite amount. Accordingly, the Court denies defendant's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. # 25) is hereby **denied**.

---

[1] Defendant also argues that *Freeland* supports its argument that plaintiff's UIM benefits under the policy are limited to $75,000. In that case, the court held that exactly $75,000 was at issue in the plaintiff's declaratory judgment action---the claim was worth that much---because that amount represented the difference in the parties' positions regarding the benefits due to plaintiff. *See Freeland*, 632 F.3d at 253. In the present case, plaintiff seeks damages, not a declaratory judgment, and he alleges that he is entitled to more than $100,000 under the policy.

4

IT IS SO ORDERED.

Dated this 13th day of July, 2018, in Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge